**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

COMMISSIONS IMPORT EXPORT S.A.,

Plaintiff,

-against-

THE REPUBLIC OF THE CONGO AND CAISSE CONGOLAISE D'AMORTISSEMENT,

Defendants.

No. 1:12-cv-00743 (ABJ)

# ANSWER

Defendants the Republic of Congo (the "Congo") and Caisse Congolaise D'Amortissement ("CCA"), by and through their undersigned counsel, hereby answer the Complaint dated September 1, 2011, filed by plaintiff Commissions Import Export S.A. ("Commisimpex") in the above-captioned action as follows:

## NATURE OF THE ACTION

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint that this purports to be an action to recognize and enforce a money judgment rendered by the High Court of Justice, Queen's Bench Division, Commercial Court in London, England, against the Congo and CCA, but deny the remaining allegations contained in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required. Defendants admit that they are each a "foreign

state" within the meaning of the U.S. Foreign Sovereign Immunities Act, but deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint that the International Court of Arbitration of the International Chamber of Commerce issued an award (the "Award"), but deny the remainder of the allegations contained in Paragraph 3 of the Complaint.

THE PARTIES

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

JURISDICTION AND VENUE

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint in that the allegations contained in Paragraph 6 do not properly establish an absence of sovereign immunity because (a) the Congo is not a party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (also known as the "New York Convention"), such that its participation in arbitral proceedings cannot be deemed an implicit waiver of immunity under § 1605(a)(1) with respect to this suit; (b) Commisimpex is not seeking to enforce an arbitral award, and hence § 1605(a)(6) is inapposite; and (c) there are no allegations that Defendants engaged in commercial activity in, or that had a direct effect in, the United States, as would be required under § 1605(a)(2).

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint with respect to the United States District Court for the Southern District of New York, but admit that venue is proper in the United States District Court for the District of Columbia.

THE ARBITRATION AWARD

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint that in December 2000, the International Court of Arbitration of the International Chamber of Commerce made a final award against Defendants in favor of Plaintiff, but deny the remainder of the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

THE ENGLISH JUDGMENT

13. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore deny them.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore deny them.

16. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore deny them.

17. The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions to which no response is required. Defendants otherwise deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

CLAIM FOR RELIEF

19. Defendants repeat and reallege each of their responses to each of the allegations contained in paragraphs 1 through 18 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. The allegations contained in Paragraph 22 of the Complaint constitute legal conclusions to which no response is required. Defendants otherwise deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore deny them.

24. The allegations contained in Paragraph 24 of the Complaint constitute legal conclusions to which no response is required. Defendants otherwise deny the allegations contained in Paragraph 24 of the Complaint.

PRAYER FOR RELIEF

25. To the extent that a responsive pleading is required to the Prayer for Relief beginning on page 5 of the Complaint, Defendants deny that Plaintiff is entitled to the requested relief.

ADDITIONAL DEFENSES

26. As additional defenses, Defendants allege, assert, and aver the following. By virtue of alleging these further defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to it or that such matters are not elements of Plaintiff's prima facie case. Defendants reserve all rights to assert other defenses as appropriate.

First Additional Defense

27. This Court lack subject matter jurisdiction over this action under 28 U.S.C. § 1330(a), as Plaintiff has not alleged a valid exception under 28 U.S.C. § 1605 to Defendants' sovereign immunity from suit under 28 U.S.C. § 1604.

Second Additional Defense

28. Plaintiff's attempt to confirm the 2000 Award through recognition of the 2009 English Court judgment is untimely and therefore time-barred under the applicable statute of limitations.

Third Additional Defense

29. Plaintiff's claims are barred in part under the doctrines of accord and satisfaction, payment, release, waiver, estoppel and/or laches.

Fourth Additional Defense

30. There is no basis for the application of New York law in support of Plaintiff's claim as alleged in the Complaint.

Fifth Additional Defense

31. Plaintiff's claims would be barred and incapable of being otherwise enforced under the laws of the United Kingdom and are therefore barred under D.C. Code § 12-307.

Sixth Additional Defense

32. Defendants reserve the right to assert and pursue additional defenses, including any that may become known through discovery or otherwise.

Additional Defenses Reserved

33. Defendants hereby gives notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to

amend their answer and to assert any additional defenses, counterclaims, and third party claims as they become known or available

**WHEREFORE,** Defendants pray for relief and judgment:

A. Denying Plaintiff the relief sought in the Complaint;

B. Dismissing the Complaint with prejudice;

C. Ordering that Plaintiff take nothing and that judgment be entered against Plaintiff;

D. Awarding Defendants costs and expenses, including counsel fees; and

E. Granting such other and further relief as the Court may deem just and proper.

Dated: Washington, D.C.
May 29, 2012

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: *<u>/s/ Michael R. Lazerwitz</u>*
Michael R. Lazerwitz (No. 430605)
Boaz S. Morag (*pro hac vice* admission pending)
Jesse D.H. Sherrett (*pro hac vice* admission pending)

One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2000
Fax: (212) 225-3999

*Attorneys for Defendants the Republic of the Congo and Caisse Congolaise D'Amortissement*