IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------X

COMMISSIONS IMPORT EXPORT S.A.,

              Plaintiff,

              -against-

THE REPUBLIC OF THE CONGO AND CAISSE
CONGOLAISE D'AMORTISSEMENT,

              Defendants.

No. 1:12-cv-00743 (ABJ)

---------------------------------------------------------------X

## ANSWER TO AMENDED AND SUPPLEMENTAL COMPLAINT

Defendants the Republic of Congo (the "Congo") and Caisse Congolaise D'Amortissement ("CCA"), by and through their undersigned counsel, hereby submit their Answer to the Amended and Supplemental Complaint dated June 22, 2012 (the "Amended Compaint"), filed by plaintiff Commissions Import Export S.A. ("Commisimpex") in the above-captioned action:

### NATURE OF THE ACTION

1. Defendants admit the portion of the allegations contained in Paragraph 1 of the Amended Complaint that this purports to be an action to recognize and enforce a money judgment rendered by the High Court of Justice, Queen's Bench Division, Commercial Court in London, England, against the Congo and CCA (the "English Judgment"), but deny the remaining allegations contained in Paragraph 1 of the Amended Complaint.

2. The allegations contained in Paragraph 2 of the Amended Complaint constitute legal conclusions to which no response is required. Defendants admit that they are each a "foreign state" within the meaning of the U.S. Foreign Sovereign Immunities Act, but deny the remaining allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Amended Complaint that the International Court of Arbitration of the International Chamber of Commerce issued an award (the "2000 Award"), but deny the remainder of the allegations contained in Paragraph 3 of the Amended Complaint.

## THE PARTIES

4. Defendants admit the allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Amended Complaint.

## JURISDICTION AND VENUE

6. Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint in that the allegations contained in Paragraph 6 do not properly establish an absence of sovereign immunity because (a) the Congo is not a party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (also known as the "New York Convention"), such that its participation in arbitral proceedings cannot be deemed an implicit waiver of immunity under § 1605(a)(1) with respect to this suit; (b) Commisimpex is not seeking to enforce an arbitral award, and hence § 1605(a)(6) is inapposite; and (c) there are no allegations that Defendants engaged in commercial activity in, or that had a direct effect in, the United States, as would be required under § 1605(a)(2).

7. Defendants admit the allegation contained in Paragraph 7 of the Amended Complaint that venue is proper in the United States District Court for the District of Columbia, but pursuant to 28 U.S.C. § 1391(f)(4) and not § 1391(f)(1) as alleged.

## THE ARBITRATION AWARD

8. Defendants admit the allegations contained in Paragraph 8 of the Amended Complaint that in December 2000, the International Court of Arbitration of the International Chamber of Commerce made an award against Defendants in favor of Plaintiff, but deny the remainder of the allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

## THE ENGLISH JUDGMENT

13. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint and therefore deny them.

14. Defendants admit the allegations contained in Paragraph 14 of the Amended Complaint.

15. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint and therefore deny them.

16. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint and therefore deny them.

17. The allegations contained in Paragraph 17 of the Amended Complaint constitute legal conclusions to which no response is required. Defendants otherwise deny the allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

## CLAIM FOR RELIEF

19. Defendants repeat and reallege each of their responses to each of the allegations contained in paragraphs 1 through 18 of the Amended Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Amended Complaint.

22. The allegations contained in Paragraph 22 of the Amended Complaint constitute legal conclusions to which no response is required. Defendants otherwise deny the allegations contained in Paragraph 22 of the Amended Complaint.

23. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint and therefore deny them.

24. The allegations contained in Paragraph 24 of the Amended Complaint constitute legal conclusions to which no response is required. Defendants otherwise deny the allegations contained in Paragraph 24 of the Amended Complaint.

## PRAYER FOR RELIEF

25. To the extent that a responsive pleading is required to the Prayer for Relief beginning on page 5 of the Amended Complaint, Defendants deny that Plaintiff is entitled to the requested relief.

## ADDITIONAL DEFENSES

26. As additional defenses, Defendants allege, assert, and aver the following. By virtue of alleging these further defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to it or that such matters are not elements of Plaintiff's prima facie case. Defendants reserve all rights to assert other defenses as appropriate.

### First Additional Defense

27. This Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1330(a), as Plaintiff has not alleged a valid exception under 28 U.S.C. § 1605 to Defendants' sovereign immunity from suit under 28 U.S.C. § 1604.

## Second Additional Defense

28. Plaintiff's attempt to confirm the 2000 Award through recognition of the 2009 English Court judgment is untimely and therefore time-barred under the applicable statute of limitations.

## Third Additional Defense

29. Plaintiff's claim is barred in part based on the doctrine of payment or satisfaction as result of payments it received in other proceedings to enforce the 2000 Award.

## Fourth Additional Defense

30. Defendants are entitled to setoff any amounts for which Plaintiff has been held liable to Defendants, including but not limited to, for attorney's fees and costs in other proceedings to enforce the 2000 Award.

## Fifth Additional Defense

31. Plaintiff's claim is barred in part under the doctrines of accord and satisfaction, release, waiver, estoppel and/or laches.

## Sixth Additional Defense

32. Plaintiff's claim as alleged in the Amended Complaint is preempted by the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

## Seventh Additional Defense

33. Plaintiff's claim would be barred and incapable of being otherwise enforced under the laws of the United Kingdom and are therefore barred under D.C. Code § 12-307.

<u>Eighth Additional Defense</u>

34.     Commisimpex is estopped from seeking to recognize the English Judgment and the 2000 Award based on the positions it has taken in other proceedings that the 2000 Award was procured by fraud.

<u>Additional Defenses Reserved</u>

35.     Defendants hereby give notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to further amend their answer and to assert any additional defenses, counterclaims, and third party claims as they become known or available through discovery or otherwise.

**WHEREFORE,** Defendants pray for relief and judgment:

A.     Denying Plaintiff the relief sought in the Amended Complaint;

B.     Dismissing the Amended Complaint with prejudice;

C.     Ordering that Plaintiff take nothing and that judgment be entered against Plaintiff;

D.     Awarding Defendants costs and expenses, including counsel fees; and

E.     Granting such other and further relief as the Court may deem just and proper.

Dated: Washington, D.C.
       July 6, 2012

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
     Michael R. Lazerwitz (No. 430605)
     Boaz S. Morag (admitted *pro hac vice*)
     Jesse D.H. Sherrett (admitted *pro hac vice*)

One Liberty Plaza
New York, NY  10006
Tel: (212) 225-2000
Fax: (212) 225-3999

*Attorneys for Defendants the Republic of the Congo and Caisse Congolaise D'Amortissement*